CALVIN A. TUTTLE, Respondent, *vs.* RICHARD STROUT, Sheriff of Hennepin County, Appellant.

APPEAL FROM THE DISTRICT COURT OF HENNEPIN COUNTY.

The ninth section of the act entitled "An Act for a Homestead Exemption," which excepts debts or liabilities due for the wages of clerks, laborers, and mechanics, from the operation of the exemption provided by the act, is unconstitutional and void.

The act does not embrace more than one subject.

The following are the facts and conclusions of law, as found by the Court below, a jury trial having been waived :

That at the time alleged in the complaint, the Defendant was sheriff of the county of Hennepin, and Moses W. Getchell, his deputy, acting as such.

That on or about October 8th, 1859, the Defendant Sheriff, by his said deputy, levied upon and took away from the possession of the Plaintiff, the personal property mentioned in the complaint to wit : one span of mules, one double harness or tackle for said team, and one double wagon, under and by virtue of the execution mentioned in the answer ; that said personal property then belonged to the Plaintiff, who was the owner thereof, and the same was in all of the value of four hundred and ninety-five dollars at the time of the taking ; that said Plaintiff was then a resident citizen and householder of said county, and that said mules and tackle and double wagon were his only team and harness and wagon, and were necessary for his use in carrying on his business, and that said Plaintiff so notified said sheriff, and claimed the same as exempt from levy at the time of said taking by Defendant, and that afterwards, and before Plaintiff commenced this action, he demanded said personal property of the Defendant, and the said Defendant refused to deliver the same to him.

That the demand upon which the judgment mentioned in

said answer was recovered, was for the work, labor and service heretofore performed by said William Hoy for this Plaintiff, and was the amount of his wages for such labor, and that said execution was issued in said judgment.

That the actual damage suffered by Plaintiff by the detention of said property from him, is the sum of fifty dollars.

I find as conclusions of law, that said property was all exempt from levy and sale upon execution in the hands of the Plaintiff, at the time the same was taken by Defendant, as well against the demand of said William Hoy as all other creditors, and the Plaintiff was entitled to hold and possess the same as exempt property, and that Plaintiff is entitled to delivery of said personal property to him, and that said taking thereof and detention was wrongful and unlawful. Judgment is therefore ordered for the Plaintiff, &c.

Points and Authorities for Respondent.

I.—Should the Court hold the whole law of 1858, including the exception, to be constitutional, then the decision of the Court below should be sustained as to wagon and harness, as the law of 1858 repeals only so much of pre-existing laws as should be inconsistent with the provisions thereof; and the wagon and harness being exempt under a pre-existing law, this Plaintiff would be entitled to the possession thereof.

But, so much of the law of 1858, as makes an exception in favor of a certain class of creditors, is unconstitutional, as being in direct conflict with *sec.* 27, *art.* 4, *Constitution of Minnesota.*

The language "any debt or liability," means all debts and liabilities, and must be so construed.

The Legislature, having acted under and in pursuance of the constitutional provision, must act in accordance with its true intent and meaning; and that portion of any law which conflicts with the constitution, or goes beyond any constitutional restrictions, must be declared null.

But it is claimed that the whole act of 1858 is unconstitutional, (or at least all that portion of it which exempts from

attachment and levy, personal property), as embracing more than one subject. *Const. Minn., sec.* 27, *art.* 4.

But it clearly comes within the intent and meaning of the constitution, as the whole act is in relation to property exempt from attachment and levy, and it is immaterial whether it is called "An Act for a Homestead Exemption," or "An Act exempting certain property from Attachment and levy of Execution," as either clearly indicates the whole subject of legislation, which is all that is intended by that section of the Constitution.

The whole subject has been examined and passed upon in the case of *Board of Supervisors of Ramsey Co. vs. Heenan,* 2 *Minn.,* 330.

O. C. MERRIMAN, Counsel for Appellant.

J. S. & D. M. DEMMON, Counsel for Respondent.

*By the Court*—EMMETT, C. J.—The questions presented for our consideration in this action, involve the constitutionality of the act entitled "An Act for a Homestead Exemption," passed March 12, 1858. Each party urges a constitutional objection. The Plaintiff claims that that portion of the act which excepts from the exemption provided, debts or liabilities for wages due to clerks, laborers or mechanics, is in direct conflict with section 12 of the Bill of Rights, which directs that "a reasonable amount of property shall be exempt from seizure or sale, for the payment of any debt or liability."

On the other hand the Defendant insists that the whole act, or at least that portion relating to personal property, is void, because, in violation of section twenty-seven of article four of the constitution, it embraces more than one subject matter.

In regard to the question raised by the Plaintiff, we cannot resist the conclusion that the ninth section of the act conflicts with section twelve of the Bill of Rights. The language of the constitution is too plain, to admit of a serious doubt, either as to its interpretation or application to the act under consideration. "A reasonable amount of property shall be

exempt from seizure or sale for the payment of *any debt or liability.*" This includes debts or liabilities of every kind or description, without exception ; and it certainly requires no argument to show that a sum of money due for services rendered by a clerk, laborer or mechanic, is a debt or liability. The constitution makes no exception in favor of any particular class of persons, or kind of debts or liabilities ; nor should we recognize the right of the Legislature to make any such distinctions. If one class of persons, or kind of debts or liabilities, may be excepted, all may be ; and the constitutional provision might thus be rendered entirely nugatory.

As to the Defendant's objection that the act is void as embracing more than one subject, we may remark that since the decision of this Court in the *Board of Supervisors of Ramsey Co. vs. Heenan*, 2 *Minn.*, 330, the question can hardly be considered as still open. We there held in substance, upon a similar objection raised to the " Act to provide for Township Organization," passed August 13, 1858, that although this provision of the constitution was not merely directory ; yet where the several provisions of an act of the Legislature related to one general subject, and there was no evidence of an attempt fraudulently to insert matter foreign to the subject expressed in the title, there was no violation of the spirit of the constitutional provision, though it may not have been followed to the letter in adopting the title ; and therefore that, under the title of " An Act to provide for Township Organization," the Legislature might also provide for county organization and government. We think the law under present consideration, is as little liable to the objection, as that passed upon in the case above referred to. There is no pretense of fraud in its passage. There is but one subject, that of exemption from sale on execution, legislated upon by the act. And although the title, it being "An Act for a Homestead Exemption," while the act treats also of exemptions of personal property, does not necessarily cover the entire subject; it is sufficiently suggestive thereof to satisfy the requirement of the constitution. Indeed the whole act may in one sense be considered as a mere amendment to the law then in force, in

which the Legislature, in the division and treatment of the subject matter, have but followed in the path laid down by the old law.

The judgment of the District Court must be affirmed.