McBride v. Reitz.

---

## HARRY McBRIDE v. NICK REITZ.

EXEMPTION LAW; *Wages of Clerk, Mechanic, Laborer, and Servant* Section 6 of the exemption law of 1868, (Gen. Stat. 474,) which provides that "none of the personal property mentioned in this act shall be exempt from attachment, or execution, for the wages of any clerk, mechanic, laborer, or servant," is constitutional and valid.

### Error from Johnson District Court.

IN June 1875, one Alfred Rebersman recovered a judgment in the district court for $712.80, and costs, against *Harry McBride*, and Mary his wife. The whole consideration for the claim upon which said judgment was based was the wages of said Rebersman as a laborer for said *McBride* and wife. A writ of execution was duly issued upon said judgment, and duly delivered to defendant *Nick Reitz*, then

the sheriff of Johnson county, who as such sheriff, and by
virtue of said writ, levied upon and took into his possession,
as the property of said *McBride*, three bedsteads and bedding,
one wash-stand, one marble-top bureau, six chairs, three rock-
ing-chairs, one Singer sewing-machine, two parlor stoves, two
heating stoves, one cooking stove, one milch cow, one other
cow, one two-horse farm-wagon, one wine-press, two turning-
plows, one potato-digger, ten chisels, two hammers, two mal-
lets, one harrow, one set of double harness, one grape mill,
two mules, and one cultivator.   *McBride* claimed that said
property was exempt from execution, and he demanded pos-
session thereof from the sheriff, and upon the refusal of the
sheriff to return the same *McBride* brought replevin to re-
cover possession thereof.   Answer, general denial.   Trial at
the March Term 1876.   The amount due on the execution
held by the sheriff was $767.50.   The value of the goods
seized by the sheriff, and replevied by *McBride*, was $900.
It was conceded that *McBride* was the head of a family, and
that all said property would be exempt to him except for the
provisions of § 6 of the exemption law.   The district court
found for the defendant, *Reitz;* that no part of said property
was exempt to said *McBride*, and gave judgment that said
defendant, as sheriff, have and recover possession of said per-
sonal property, with costs of suit, or, if return of said prop-
erty could not be had, that he have and recover of and from
said *McBride* the said sum of $767.50, with interest from
the day of trial, and costs of suit.   *McBride* appeals, and
brings the case here on error.

   *A. Smith Devenney,* for plaintiff in error, contended, that
§ 6 of the exemption law is unconstitutional; that it violates
our state constitution; that it is "unequal and partial legis-
lation, class legislation," and not within the powers conferred
on a legislative body.   The grant of legislative powers, though
without prohibition or restraint that the legislature shall not
discriminate and do gross and palpable injustice between man
and man by the passage of unequal and partial laws, does not

carry with it the power to pass such laws. Such a power, from its very nature, and of necessity, is taken out of the grant without any express exception or limitation; and that portion of the act referred to, though in form of law, yet not being within the scope of the authority conferred, is not legislation at all; and so the provision is *void.* 3 Dallas, 387.

A statute which dispenses in favor of particular individuals or classes, does not come within the rightful attributes of legislative power, and is not to be regarded as a law. This rule is approved by this court in 2 Kas. 115, 116; 2 Bouv. Law Dic., title, "Legislative Power." A specific clause of our constitution is violated (§ 17, art. 2,) by said § 6 of the exemption law, because the latter applies its operations to the clerk, mechanic, laborer, or servant, *only,* and all other classes are wholly deprived of its benefits. The exemption law, like all other laws in Kansas, must be general in its character and provisions. Local or special legislation upon the privilege of debtors, which would deprive those belonging to particular classes of the advantage conferred by law upon others, cannot be sustained; and said § 6 legislates specially for certain persons, and discriminates against others, which is contrary to the spirit and intent of the constitution, and is in derogation of the constitution, and is not legislation. As § 6 now stands, it is "class legislation" in the true sense and meaning of those words, and is obnoxious to the charge of partiality and favoritism. The constitution makes no exception in favor of any particular class of persons, or kind of debts. Then why should we recognize any right on the part of the legislature to make any such distinction? "The 9th section of the act," (being in the language of § 6 of our law,) "entitled an act for a homestead exemption, which excepts debts or liabilities due for the wages of clerks, laborers, and mechanics, from the operation of the exemption provided by the act, is unconstitutional and void." *Tuttle v. Strout, Sheriff of Hennepin County,* 7 Minn. 465.

*J. P. St. John,* and *F. R. Ogg,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: The only question raised in this case is, whether section 6 of the exemption law of 1868 (Gen. Stat. 474,) is constitutional, or not. Sections 3 and 4 of said law exempt certain personal property "from seizure and sale upon any attachment, execution, or other process issued from any court in this state;" and section 6 provides as follows:

"SEC. 6.–None of the personal property mentioned in this act shall be exempt from attachment, or execution, for the wages of any clerk, mechanic, laborer, or servant."

The plaintiff in error claims that section 6 is unconstitutional and void, as being in contravention of section 17 article 2 of the constitution, and also because it is "unequal and partial legislation, class legislation, and not within the powers conferred on a legislative body." Said section 17 article 2 of the constitution reads as follows:

"SEC. 17.–All laws of a general nature shall have a uniform operation throughout the state; and in all cases where a general law can be made applicable, no special law shall be enacted."

We are unable to see how said section 6, or any portion thereof, contravenes any portion of §17 of article 2 of the constitution, or any other provision of the constitution. Nor are we able to see how said section 6 or any part thereof is such "unequal and partial legislation," or such "class legislation" as to be unconstitutional or void. If it is void for such a reason, then said section 3 under which the plaintiff in error founds his whole claim in this action, must also be void. Said section 3 applies only to a particular class of persons. It applies only to a "person residing in this state, and being the head of a family." Hence, if we should hold that said section 6 is void because it applies only to particular classes of persons, we should also have to hold that said section 3 is void for the same reason, and the same result would follow in this case as though we should hold that both sections are valid. We think that the legislature had full power to pass said section 6, and that it is constitutional and valid. The

case of *Tuttle v. Strout,* 7 Minn. 465, has no application in this state. That decision was rendered upon a peculiar provision in the constitution of Minnesota. We have no such constitutional provision in this state.

The judgment of the court below will be affirmed.

All the Justices concurring.