GENEVIEVE RYAN v. ADDIE C. COLBURN.[1]

February 19, 1932.

No. 28,780.

*Katzmarek, Petzke & Warber,* for appellant.
*Works & Stoller,* for respondent.

WILSON, C. J.

Plaintiff brought this action to have her homestead adjudged free from a judgment which defendant has against her. She was given the relief sought, and the defendant appealed from the judgment.

On October 14, 1926, defendant obtained a judgment against plaintiff for $1,111.71. Execution was returned unsatisfied. Supplementary proceedings were instituted on November 23, 1926. The order requiring the judgment debtor to appear for examination contained a provision restraining her from making any transfer or disposition of any property not exempt from execution until the further order of the court. She was examined but did not disclose any nonexempt assets. On June 17, 1927, a second order in supple-

[1]Reported in 241 N. W. 388.

mentary proceedings was signed containing the same restraining order, and again the judgment debtor appeared in court and submitted to an examination in which she did not disclose any nonexempt assets.

At the conclusion of each of these examinations in supplementary proceedings an order should have been entered discharging judgment debtor from further appearance in the supplementary proceedings and releasing the restraining order. This however was not done. No request therefor was made. Subsequent to the last examination plaintiff paid interest on a $2,500 mortgage on the premises from time to time, and it is claimed that such payments aggregated about $600.

On September 28, 1926, the premises in question were conveyed to plaintiff. Under previous arrangements a dwelling had been built thereon, and plaintiff with her family began living there on September 3, 1926, and were the first occupants of the house.

1 Mason, 1927, §§ 1630-3 to 1630-126, is incorporated and made a part of the home rule charter of the city of Minneapolis, adopted on November 2, 1930, and is known as the housing act. Section 1630-111 provides:

"No building hereafter constructed as or altered into a dwelling shall be occupied in whole or in part for human habitation until the issuance of a certificate by the inspector of buildings that said dwelling conforms in all respects to the requirements of this act relative to dwellings hereafter erected."

L. 1917, p. 185, c. 137, §§ 141, 142, and 143, 1 Mason, 1927, §§ 1630-111 to 1630-113, provides that it shall be unlawful for anyone to occupy a dwelling contrary to the foregoing provisions and provides for the imposition of a fine or workhouse sentence for the violation thereof.

Defendant claims that the plaintiff is not entitled to hold the premises as her homestead and says that the court should not give her the relief which she seeks, for two reasons:

(a) That plaintiff paid the item of about $600 and perhaps other money in violation of the restraining orders, which were never dis-

charged; and that she did not truthfully disclose the pertinent facts in her examinations in supplementary proceedings.

(b) That plaintiff occupied the premises illegally, in that she failed to procure the certificate that the dwelling house was fit for occupancy as required by the housing act.

■ The record is sufficient to support the conclusion of the trial court that there is no evidence upon which the court could find with reasonable certainty that the money used in paying interest on the mortgage was the proceeds of the sale of nonexempt property, there being evidence of earnings by the plaintiff by keeping boarders and that her husband earned wages which could be used for such purpose. The court could hardly be expected to hold the plaintiff bound by the restraining orders forever; and it would seem that at the conclusion of such an examination, wherein it is recognized by counsel for both sides and the court that no nonexempt property has been disclosed, and all parties leaving the court without requesting that any order be made, followed by the long delay here involved, that they have abandoned further proceedings; and the judgment debtor would be justified in concluding that the proceedings, under the particular order, were terminated. The judgment creditor should not under the circumstances be heard to claim further benefits under the restraining order.

There is no finding to the effect that plaintiff did not truthfully make full disclosure in her examinations in the supplementary proceedings, and there is no evidence to justify the court in making a finding in favor of defendant's contention in reference thereto. In view of what is hereinafter said, it would seem that defendant would not be aided even if plaintiff was guilty of the conduct charged.

■ It fairly appears that plaintiff did not comply with the housing act in that she failed to get the official certificate that her dwelling was suitable for human habitation. No claim is made that the dwelling was not.in fact suitable for occupancy and that she was entitled to the certificate had she made application for it. What then is the effect of her transgression? The homestead statute does

not yield to the demands of equity. The homestead exemption is not merely a privilege, but it is an absolute right. Tomlinson v. Kandiyohi County Bank, 162 Minn. 230, 202 N. W. 494. Plaintiff bases her action upon her legal rights. The homestead law is to be liberally construed. It would not be wholesome to construe the statute as conserving lawful homes only. To do so would tend to increase the burdens of the community chest; destroy homes; divide families; and increase the population of our orphan asylums. We construe our homestead law as relating to all debtors. It does not prescribe personal qualifications touching the moral character of the debtor; and upon principle and reason we see no justification for excluding from its protection the vicious, the criminal, or the immoral. All must live, and right consideration should contemplate not only the living but the next generation. This statute rests upon the thought of family. Our established policy is not restricted to right-thinking or right-acting persons; but sounds in hope for the future both as to the debtor and his children.

We are of the opinion that plaintiff, notwithstanding her failure to comply with this regulatory measure, is entitled to the protection of the homestead law and that her homestead is exempt. Prince v. Hake, 75 Wis. 638, 44 N. W. 825; Gassoway v. White, 70 Tex. 475, 8 S. W. 117; Harlan v. Schulze, 7 Cal. App. 287, 94 P. 379.

Affirmed.