The PEOPLE of the State of Colorado, Plaintiff–Appellee and Cross–Appellant,

v.

Loretta ALLEN, Defendant–Appellant and Cross–Appellee.

No. 87CA1123.

Colorado Court of Appeals, Div. VI.

Dec. 1, 1988.

James F. Smith, Dist. Atty., Michael J. Milne, Deputy Dist. Atty., Brighton, for plaintiff-appellee and cross-appellant.

Stan Bender, P.C., Stanley Bender, Denver, for defendant-appellant and cross-appellee.

HODGES, Justice.*

Defendant, Loretta Allen, appeals from the trial court judgment which declared the residence she owned with her husband and certain other property to be a class 1 public

---

nuisance and ordered their forfeiture. The People cross-appeal from that part of the judgment which awarded all proceeds to the general fund of the State of Colorado rather than to the seizing agency. We affirm.

Defendant first claims there is a right to trial by jury of factual issues in forfeiture actions, and that the trial court erred in denying her jury demand. We disagree.

This action was brought to abate a class 1 public nuisance pursuant to § 16–13–303, C.R.S. (1986 Repl.Vol. 8A). An action brought to abate a class 1 public nuisance is equitable in nature. *People v. Garner*, 732 P.2d 1194 (Colo.1987). There is no right to jury trial in a civil case that is equitable in nature. *Kaitz v. District Court*, 650 P.2d 553 (Colo.1982). Thus, the trial court did not err in denying defendant's jury demand.

Defendant also claims a constitutional right to jury trial derivative of her husband's right to jury trial in the criminal matter with which he was charged. However, forfeiture actions brought against property as a public nuisance are not criminal in nature and, thus, are not subject to the protections available in criminal proceedings. *People v. Milton*, 732 P.2d 1199 (Colo.1987).

Defendant next argues that the People failed to sustain their burden of proving that her husband's nuisance activity was conducted with her knowledge and consent, and that the trial court's judgment forfeiting her interest in the property was manifestly against the weight of the evidence. We disagree.

To forfeit defendant's interest in her residential property, the People were required to prove, by a preponderance of the evidence, that the property was a class 1 public nuisance and that it had been used or maintained as such either by defendant or with her knowledge and consent. Section 16–13–314(1), C.R.S. (1986 Repl.Vol.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const., art. VI, Sec. 5(3),

and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

8A); *People v. Lot 23*, 735 P.2d 184 (Colo. 1987). The trial court's findings of fact concerning the evidence presented will not be overturned if supported by competent evidence in the record. *People v. Quezada*, 731 P.2d 730 (Colo.1987).

Here, the trial court found that a preponderance of the evidence established that defendant had actual knowledge of the property's use and involvement in her husband's criminal activity and that she knowingly benefited, at least indirectly, from such criminal conduct. It further found that defendant consented, at least implicitly, in that use. Although defendant had presented evidence which conflicted with these findings, the trial court resolved the conflicts against defendant. As the trial court's findings were supported by competent evidence, they will not be overturned. *People v. Quezada, supra.*

■ Defendant's third claim on appeal is that she is entitled to the full benefit of the homestead exemption even though the property is subject to forfeiture as a public nuisance. We disagree.

Section 38–41–201, C.R.S. (1982 Repl.Vol. 16A) provides that every homestead occupied as a home by the owner or his family shall be exempt, in the amount of $20,000 in excess of any liens or encumbrances on the property, from execution and attachment "arising from any debt, contract, or civil obligation. . . ." The execution and attachment to which the property is subject in this case did not arise from debt, contract, or civil obligation, but from the property's adjudication as a public nuisance because of its use for criminal activity. Not having arisen from the listed sources, the execution and attachment here are not subject to the homestead exemption. *See De-Ruyter v. State*, 521 So.2d 1356r (Fla.Dist. Ct.App.1988) (homestead exemption protects real property from forced sale for owner's debts, but does not extend to forfeitures based solely on property's use in criminal enterprise).

Defendant claims her due process rights were violated because the burden was put on her to show her property was not subject to forfeiture. There is no basis for this claim because, as discussed above, the People were required to prove, by a preponderance of the evidence, that the property was used for criminal activity with her consent and knowledge.

Finally, defendant asserts, as she did in the trial court, that she was deprived of property without just compensation and that the proceedings had the effect of imposing criminal sanctions against her. These claims were unsupported by factual or legal argument and, thus, will not be considered on appeal. C.A.R. 28(a)(4). *See Mauldin v. Lowery*, 127 Colo. 234, 255 P.2d 976 (1953).

On cross-appeal, the People assert that the trial court abused its discretion when it directed that the forfeited currency and proceeds from sale of the forfeited personal and real property be paid over to the state's general fund, rather than to the seizing agency. We disagree.

■ Section 16–13–311(3)(IV)(A) and § 16–13–314(2)(d)(I), C.R.S. (1986 Repl.Vol. 8A) allow payment of the proceeds from sale of forfeited real and personal property to be made to the seizing agency rather than the state's general fund, "if the court finds that the proceeds can be used by such agency." Because this alternative payment is allowed only if the trial court finds the agency can use the funds, the burden of proof is on the People to present evidence from which the trial court can make such a finding.

Here, the trial court directed payment to the general fund after indicating there was no evidence that the seizing agency could use such funds. The People subsequently moved the trial court to amend its order, supporting the motion with affidavits detailing the seizing agency's costs and ability to use the funds. The trial court denied this motion because the trial evidence did not warrant modification of the order.

By the subsequent motion, the People had, in essence, moved the court to take additional testimony and amend its findings of fact and conclusions of law. The trial court's power to grant such relief would arise from C.R.C.P. 59(a), and its decision

whether to reopen proceedings was within its sound discretion. *Meyer v. Schwartz,* 638 P.2d 821 (Colo.App.1981) The trial court here did not abuse its discretion in denying the People's motion, and thus, its refusal to reopen the case is not grounds for reversal.

JUDGMENT AFFIRMED.

ENOCH AND HARDEMAN, JJ.,** concur.