In the Matter of Arthur **SMITH, Jr.**, Debtor.

Arthur **SMITH, Jr.**, Plaintiff,

v.

STATE OF ALABAMA, ex rel., Timothy D. LITTRELL, District Attorney of Lawrence County, Alabama, and the Thirty–Sixth Judicial Circuit of Alabama, Defendant.

**Bankruptcy No. 94–81413.**
**Adv. No. 94–80101.**

United States Bankruptcy Court, N.D. Alabama, Northern Division.

Jan. 9, 1995.

William L. Chenault, III, Chenault, Hammond and Hall, P.C., Decatur, AL, for debtor/plaintiff Arthur Smith, Jr.

Jim Osborn, Asst. Dist. Atty. of 36th Judicial Circuit, Moulton, AL, for defendant.

Philip Geddes, Trustee, Decatur, AL.

## ORDER

JACK CADDELL, Bankruptcy Judge.

This matter is before the Court on a complaint filed by the plaintiff seeking the Court to determine his interest in one acre of real estate and a mobile home. The defendant, the State of Alabama, filed a motion for relief

from the automatic stay to proceed in the Circuit Court of Lawrence County, Alabama with a condemnation and forfeiture proceeding pursuant to Section 20–2–93 *Code of Alabama* (Alabama's Uniform Controlled Substance Act). Present at the trial held on the 4th day of January, 1995, were William Chenault, III, for plaintiff and Jim Osborn for the defendant.

The evidence shows that the plaintiff pled guilty in the Circuit Court of Lawrence County, Alabama, to selling a controlled substance, i.e. marijuana. Pursuant to § 20–2–93 *Code of Alabama*, the defendant initiated a forfeiture and seizure proceeding (state court proceeding) against the plaintiff's mobile home and one acre of real estate because the controlled substance was allegedly sold from these premises. Before the state court proceeding was completed, the plaintiff filed for relief under Chapter 13 of the Bankruptcy Code. The plaintiff claimed the one acre of real estate and mobile home as his homestead exemption.[1] § 6–10–2 *Code of Alabama*.

The plaintiff filed this adversary proceeding requesting the Court to determine his interest in the one acre of real estate and mobile home. The defendant filed an answer and a motion for relief from the stay to proceed in state court with the forfeiture action.

The plaintiff alleges that he may claim the one acre and mobile home as his homestead exemption; therefore, the defendant cannot seize it. The plaintiff's Chapter 13 plan proposes to pay the defendant the value that would be realized if the home was seized and sold at foreclosure ($5,000.00) in the state court. The defendant alleges that the state court action comes within the police power exception to the automatic stay.

■ In *In re James,* 940 F.2d 46 (3rd Cir.1991), the court held that a state forfeiture action involving alleged proceeds of criminal activity comes within the police power exception set forth in 11 U.S.C. § 362(b)(4). It is the opinion of this Court

that this case is well reasoned, and that the automatic stay does not prohibit the State of Alabama from proceeding in state court with its forfeiture action.

The next issue is whether or not the plaintiff claimed the property subject to the forfeiture action as his homestead exemption. This Court found no bankruptcy cases directly on point, but the issues and conclusions of law set forth in *U.S. v. Lot 5, Fox Grove, Alachua County, Florida,* 23 F.3d 359 (11th Cir.1994), provide this Court with a starting point. In *Lot 5,* the Circuit Court of Appeals was required to determine if the federal civil forfeiture statute preempts the Florida homestead law.[2] In 1992, the United States filed a forfeiture complaint against the property located at Lot 5, Fox Grove, Alachua County, Florida. The government alleged that the property was used to commit, or facilitate the commission of, federal narcotics law violations. The owner of the real property asserted that said property was protected from seizure based upon the homestead law under Article X, § 4 of the Florida Constitution.

The Circuit Court held

Section 881(a)(7) [the federal forfeiture statute] provides for forfeiture of real property and by making no allowance for property protected by state law, we infer that Congress intended § 881(a)(7) to be read broadly. Simply put, § 881(a)(7) states that all real property, without limitation or qualification is subject to forfeiture.

The Court held that the real property was subject to the federal civil forfeiture statute, and that the homestead exemption could not be asserted.

The State of Alabama adopted an "opting out" law, which allows a debtor filing bankruptcy in Alabama to choose only those exemptions set forth in the Alabama law. § 6–10–11 *Code of Alabama*. Therefore, this Court must examine the Alabama homestead exemption. Section 6–10–2 of the *Code of Alabama* states that the "homestead of every

---

1. The parties stipulate that the value of the one acre of real estate and mobile home does not exceed $5,000.00.

2. Comprehensive Drug Abuse and Control Act of 1970 § 511(a)(7), 21 U.S.C.A. 881(a)(7).

resident of this state shall be exempt from levy and sale under execution or other process for the *collection of debt* during his life and occupancy (emphasis added)". *See* also *Article X, Section 205, Constitution of Alabama 1901.*

Alabama case law on the homestead exemption has carved out several exceptions where the exemption cannot be asserted to protect the home. For example, the Alabama Supreme Court has held in *dicta* that the statute applies only to sales on execution or other process from courts "for any debt contracted". It is not applicable to judgments based on torts or liabilities in the nature of torts. *Schussler v. Dudley,* 80 Ala. 547, 2 So. 526 (1887); *Erlenbach v. Cox,* 206 Ala. 298, 89 So. 465 (1921); *Huckabee v. Stephens,* 29 Ala.App. 259, 195 So. 295 (1940). The homestead exemption has no application to a sale for division among cotenants or the sale of jointly owned property in a divorce proceeding. *Killingsworth v. Killingsworth,* 284 Ala. 524, 226 So.2d 308 (1969); *Black v. Stimpson,* 602 So.2d 368 (Ala.1992).

■ Section 20–2–93(a)(8) of the *Code of Alabama* states that all real property ... intended to be used for the manufacturing, cultivation, growth, receipt, storage, handling, distribution or sale of any controlled substance in violation of any law of the state concerning controlled substances is subject to forfeiture. The Alabama forfeiture statute says all real property. It does not make any exception. The forfeiture of a debtor's home due to illegal drug activity is penal in nature, and is meant to punish the wrongdoer. *Agee v. State ex rel. Galanos,* 627 So.2d 960 (Ala. Civ.App.1993).

■ It is the opinion of this Court that the homestead exemption protects a debtor's homestead from execution on contracted debts. It does not protect real estate used in criminal activity. Therefore, the plaintiff may not assert a homestead exemption against the property that is subject to the state court forfeiture action.

It is therefore ORDERED, ADJUDGED AND DECREED that the motion filed by the defendant, State of Alabama, ex rel., for relief from the automatic stay to proceed with the state court forfeiture action be and hereby is GRANTED.

Done and Ordered.