David TORGELSON, Renville County Attorney, Appellant,

v.

REAL PROPERTY KNOWN AS 17138 880TH AVE., RENVILLE COUNTY, Minnesota, Defendant,

Kent Feigum, Owner, Respondent,

and

Thomas G. Kramer, Yellow Medicine County Attorney, Appellant,

v.

Property Located at 860 10th Avenue, Granite Falls, Minnesota 56241 (Lot 7, Block Eighteen, Lathrop's First Addition to the City of Granite Falls, Yellow Medicine County, Minnesota), Defendant,

Luverne W. Johnson, Owner, Respondent.

Nos. A06–1507, A06–1757.

Supreme Court of Minnesota.

May 22, 2008.

---

Lori Swanson, Attorney General, James B. Early, Assistant Attorney General, St. Paul, MN, David Jon Torgelson, Renville County Attorney, Olivia, MN, and Keith Helgeson, Yellow Medicine County Attorney, Granite Falls, MN, for Appellant.

John E. Mack, Mack & Daby P.A., New London, MN, for Respondent.

OPINION

RUSSELL A. ANDERSON, Chief Justice.

We are asked in this appeal to decide whether Minnesota's drug asset forfeiture statute, Minn.Stat. § 609.5311, subd. 2 (2006), is constitutional as applied to homestead property. Appellants, county attorneys for Renville and Yellow Medicine counties, obtained judgment of forfeiture of respondents' homestead properties under the drug asset forfeiture statute. In a consolidated appeal, the court of appeals reversed. We affirm, holding that the Minnesota Constitution precludes the forfeitures of respondents' homestead properties.

The facts in this case are undisputed and the issue purely legal. Respondents each pleaded guilty to drug felonies, Kent Feigum in Renville County and Luverne Johnson in Yellow Medicine County. Each county sought forfeiture of Feigum's and Johnson's respective homestead properties pursuant to Minn.Stat. § 609.5311, subd. 2(a). In both cases, the parties agreed that the property was homestead property within the meaning of Minn.Stat. § 510.01 (2006) and that the county could satisfy the elements of the forfeiture statute. The sole issue was whether the forfeiture statute is constitutional as applied to homestead property. Both the Renville County and the Yellow Medicine County

district courts ordered forfeiture to the appropriate law enforcement agency.

Feigum and Johnson appealed, and their cases were consolidated. *Torgelson v. 17138 880th Ave.,* 734 N.W.2d 279, 281 (Minn.App.2007). The court of appeals reversed both forfeitures, holding that the Minnesota Constitution protects homestead property from forfeiture. *Id.* at 284. Both Renville and Yellow Medicine counties petitioned for further review, which we granted. We review questions of law, including constitutional issues, de novo. *State v. Bussmann,* 741 N.W.2d 79, 82 (Minn.2007).

■ The Minnesota Bill of Rights provides: "A reasonable amount of property shall be exempt from seizure or sale for the payment of any debt or liability. The amount of such exemption shall be determined by law." Minn. Const. art. I, § 12. Pursuant to this constitutional directive, the legislature enacted Minn.Stat. § 510.01, which provides an exemption for homestead property:

> The house owned and occupied by a debtor as the debtor's dwelling place, together with the land upon which it is situated to the amount of area and value hereinafter limited and defined, shall constitute the homestead of such debtor

and the debtor's family, and be exempt from seizure or sale under legal process on account of any debt not lawfully charged thereon in writing, except such as are incurred for work or materials furnished in the construction, repair, or improvement of such homestead, or for services performed by laborers or servants * * *.[1]

Homestead exemptions are to be liberally construed. *Denzer v. Prendergast,* 267 Minn. 212, 217–18, 126 N.W.2d 440, 444 (1964).

The drug asset forfeiture statute provides as follows:

> All property, real and personal, that has been used, or is intended for use, or has in any way facilitated, in whole or in part, the manufacturing, compounding, processing, delivering, importing, cultivating, exporting, transporting, or exchanging of contraband or a controlled substance that has not been lawfully manufactured, distributed, dispensed, and acquired is subject to forfeiture under this section * * *.

Minn.Stat. § 609.5311, subd. 2(a). We have recognized that civil in rem forfeiture is at least in part a penalty, and accordingly it should be disfavored and strictly construed.[2] *Jacobson v. $55,900 in U.S. Cur-*

---

[1] We note the homestead property exempted is limited in both area and value to "a reasonable amount," Minn. Const. art. I, § 12, defined by current statute as follows:

> The homestead may include any quantity of land not exceeding 160 acres, and not included in the laid out or platted portion of any city. If the homestead is within the laid out or platted portion of a city, its area must not exceed one-half of an acre. The value of the homestead exemption * * * may not exceed $200,000 or, if the homestead is used primarily for agricultural purposes, $500,000 * * *.

Minn.Stat. § 510.02 (2006). Thus if the value of the property exceeded the amount of the statutory exemption, the statutory analysis

would permit the government to obtain forfeiture of the property to the extent of the value of the property over the exemption amount, with the homeowner receiving the amount of the exemption. The reasonableness of the statutory exemption under the constitution is not before us in this case.

[2] Drug asset forfeiture is a civil in rem action, independent of any criminal prosecution. Minn.Stat. § 609.531, subd. 6a(a) (2006). The seized assets' value is distributed 70 percent to the appropriate law enforcement agency, 20 percent to the county attorney, and 10 percent to the state treasury. Minn.Stat. § 609.5315, subd. 5 (2006). The statutes provide a defense for homeowners who can

*rency,* 728 N.W.2d 510, 521 (Minn.2007); *see also Austin v. United States,* 509 U.S. 602, 621–22, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993) (holding that forfeitures of real property pursuant to federal law are fines that fall within the scope of the Excessive Fines Clause of the United States Constitution); *Riley v. 1987 Station Wagon,* 650 N.W.2d 441, 443 (Minn.2002) ("[T]o the extent that the forfeiture law at issue here is, in part, 'punishment' and, therefore, disfavored generally, we strictly construe its language and resolve any doubt in favor of the party challenging it.").

We have never addressed whether Article I, Section 12, of the Minnesota Constitution prohibits drug asset forfeiture of homestead property. Yet we have long construed the constitutional language to refer to " 'debts or liabilities of every kind or description, without exception.' " *Denzer,* 267 Minn. at 220, 126 N.W.2d at 445 (quoting *Tuttle v. Strout,* 7 Minn. 465, 468 (Minn.,1862) (1905)). We have held that the exemption protects homesteads from claims sounding in tort as well as contract, observing that "we do not think the legislature intended to, or could, make property exempt from satisfaction of one class of obligations and not the other in view of the language of the constitution as construed by this court." *Id.,* 126 N.W.2d at 445; *see also Cargill, Inc. v. Hedge,* 375 N.W.2d 477 (Minn.1985) (approving reverse piercing of the corporate veil so that owners could have homestead exemption for family farm held in the name of their closely held corporation).

█ The constitutional phrase "debt or liability" is broad, and we see no basis for excluding civil forfeiture from its scope. "Liability" is defined as "1. The quality or state of being legally obligated or account-

able; legal responsibility to another or to society, enforceable by civil remedy or criminal punishment * * *. 2. A financial or pecuniary obligation; "DEBT." *Black's Law Dictionary* 932 (8th ed.2004). Although "debt" and "liability" can be synonymous, it is presumed that if the Constitution's authors used two different words, they intended two different meanings. *See Urban v. Am. Legion Dep't of Minn.,* 723 N.W.2d 1, 5 (Minn.2006) ("We must presume that * * * no statutory language should be deemed superfluous or insignificant."). No other state that has considered whether the homestead exemption protects homesteads from forfeiture has the term "liability" in its homestead exemption. The breadth of the term "liability" coupled with the rule that homestead exemptions are to be construed liberally suggests that the constitutional language is broad enough to encompass forfeitures. *See* 40 Am.Jur.2d *Homestead* § 88 (1999) ("Any compulsory disposition of the property, whether denominated a 'sale' or otherwise, is within the purview of the [homestead] law.").

Arguably, homestead laws are intended to protect homestead property solely from creditors. *Id.* ("Homestead statutes may be invoked to protect premises from sale under execution, attachment, or any other process which seeks to appropriate the property to the payment of the claims of *creditors.*" (emphasis added)). Even if this is so, however, we have recognized that the framers of the Minnesota Constitution deliberately left Section 12 of Article I vague, leaving open the possibility for applications beyond what they specifically foresaw. *See In re Haggerty,* 448 N.W.2d 363, 364 (Minn.1989) ("It was originally proposed that the Minnesota Constitution

prove that they were unaware of the unlawful use of their homes. Minn.Stat. § 609.5311,

subd. 3(d) (2006).

contain a homestead exemption with a specific dollar limit, *Minnesota Convention Debates* 99 (1857) (debates of July 24, 1857), but it was determined the constitution should not contain perfect or specific laws.").

We also find persuasive the reasoning of several other state supreme courts that have held that state forfeiture laws violate statutory or constitutional homestead exemptions.[3] Although interpreting different language, these courts have applied principles and policies underlying the concepts of the homestead exemption and forfeiture that hold true in Minnesota. The supreme courts of Florida, Iowa, Kansas, and Oklahoma, as well as the Appellate Court of Illinois, have held that their state homestead exemptions prohibit forfeiture of homestead property. These states tend to rely on the twin maxims, recognized in Minnesota, that homestead laws are to be liberally construed and that forfeiture is a harsh and disfavored penalty that should be strictly construed. *E.g., Butterworth v. Caggiano*, 605 So.2d 56, 58 (Fla.1992); *In re Bly*, 456 N.W.2d 195, 199, 200 (Iowa 1990); *State ex rel. Means v. Ten Acres of Land*, 877 P.2d 597, 601 (Okla.1994). In the widely cited case *Butterworth v. Caggiano*, the Florida Supreme Court addressed whether a homestead was subject to forfeiture in light of the requirements of Florida's constitution, which exempts homesteads " 'from forced sale under process of any court' " with exceptions for taxes and for purchase, improvement, or labor obligations. 605 So.2d at 58 (quoting Fla.

Const. art X, § 4). Noting that the exemption must be liberally construed and forfeiture disfavored, the court took a broad view of the exemption and observed that it "uses broad, nonlegal terminology that was intended simply to guarantee that the homestead would be preserved against any involuntary divestiture by the courts, without regard to the technicalities of how that divestiture would be accomplished." *Butterworth*, 605 So.2d at 59. The court concluded that

> in light of the historical prejudice against forfeiture, the constitutional sanctity of the home, and the rules of construction requiring a liberal, nontechnical interpretation of the homestead exemption and a strict construction of the exceptions to that exemption, we hold that * * * the Florida Constitution prohibits civil or criminal forfeiture of homestead property.

*Id.* at 61; *see also Tramel v. Stewart*, 697 So.2d 821, 824 (Fla.1997); *People v. 1403 E. Parham*, 251 Ill.App.3d 198, 190 Ill.Dec. 573, 621 N.E.2d 1026, 1031 (1993) (finding that Illinois' statutory homestead exemption from "attachment, judgment, levy or judgment sale for the payment of his or her debts *or other purposes* " prohibited forfeiture); *State ex rel. Braun v. 918 N. County Line Rd.*, 251 Kan. 685, 840 P.2d 453, 455 (1992) (finding that because forfeiture was not one of the enumerated exceptions to the homestead exemption, it was constitutionally prohibited, notwithstanding a statute providing that a person con-

---

3. We note that several state courts of appeals have reached the opposite conclusion. Two rationales underpin these decisions. First, many of the exemptions expressly limit the exemption to protect against sale for the payment of "debts." *People v. Allen*, 767 P.2d 798, 800 (Colo.Ct.App.1988); *Lot 39, Section C, N. Hills Subd., Grayson County, Tex. v. State*, 85 S.W.3d 429, 430, 432 (Tex.App. 2002); *Tellevik v. 6717 100th Street S.W.*, 83 Wash.App. 366, 921 P.2d 1088, 1094 (1996); *see also Smith v. State. ex rel. Littrell*, 176 B.R. 221, 223 (Bankr.N.D.Ala.1995). This is narrower language than Minnesota's "debt or liability." Second, some courts reason that the homestead exemption was intended to protect the financially troubled, not criminals. *In re 1632 N. Santa Rita*, 166 Ariz. 197, 801 P.2d 432, 437 (Ariz.Ct.App.1990).

victed of a drug violation was presumed to have consented to forfeiture); *Means,* 877 P.2d at 601.

■ Many decades ago, we aptly summarized the policy of the homestead exemption as follows:

> The homestead law is to be liberally construed. It would not be wholesome to construe the statute as conserving lawful homes only. To do so would tend to increase the burdens of the community chest; destroy homes; divide families; and increase the population of our orphan asylums. We construe our homestead law as relating to all debtors. It does not prescribe personal qualifications touching the moral character of the debtor; and upon principle and reason we see no justification for excluding from its protection the vicious, the criminal, or the immoral. All must live, and right consideration should contemplate not only the living but the next generation. This statute rests upon the thought of family. Our established policy is not restricted to right-thinking or right-acting persons; but sounds in hope for the future both as to the debtor and his children.[4]

*Denzer,* 267 Minn. at 217–18, 126 N.W.2d at 444 (quoting *Ryan v. Colburn,* 185 Minn. 347, 350, 241 N.W. 388, 389 (1932)). In light of these well-established principles, the language of our constitution, and the decisions of other jurisdictions, we hold that the Minnesota Constitution's homestead exemption, as implemented by Minn. Stat. § 510.01 (2006), exempts homestead property from forfeiture.[5]

Affirmed.

GILDEA, Justice (concurring).

I join in the majority's conclusion to affirm the court of appeals, but I write separately because I believe that we should resolve this case without reaching the constitutional question the majority decides. Respondents argue that Minnesota's forfeiture statute, Minn.Stat. § 609.5311, subd. 2 (2006), is unconstitutional because it allows their homestead property to be subject to forfeiture. Under the constitution, "[a] reasonable amount of property shall be exempt from seizure or sale for the payment of any debt or liability." Minn. Const. art I, § 12. The constitution leaves it to the Minnesota Legislature to determine "[t]he amount of such exemption." *Id.* There are two statutes that relate to the exemption amount in this case: the homestead exemption statute, Minn.Stat. § 510.01 (2006), and the forfeiture statute, § 609.5311, subd. 2. We generally avoid reaching constitutional questions "if there is another basis on which a case can be decided." *State v. Bourke,* 718 N.W.2d 922, 926 (Minn.2006) (internal quotation omitted). Following our general practice, I would resolve this case based on the language of the two statutes, rather than reaching the constitutional question.

In the homestead exemption statute, the legislature provides for property up to a certain value and size to be "exempt from seizure * * * under legal process on account of any debt not lawfully charged thereon * * *." Minn.Stat. § 510.01.[1] In

---

4. In light of this precedent, we cannot agree with the concurrence that whether the constitutional exemption language encompasses forfeiture of homestead property presents a "close[ ] question."

5. We recognize that federal drug forfeiture law has been held to preempt state homestead exemptions. *See, e.g., United States v. Curtis,* 965 F.2d 610, 616 (8th Cir.1992).

1. The Counties argue that the homestead exemption statute does not apply here because forfeiture does not involve seizure "on account of any debt." Minn.Stat. § 510.01. But

the forfeiture statute, there is no limit on the value of property subject to forfeiture. Minn.Stat. § 609.5311, subd. 2(a) ("All property, real and personal, that has been used [in connection with controlled substances crimes] is subject to forfeiture under this section * * *.").[2] The statutes thus conflict.

The legislature has directed that when two statutes conflict, the more specific provision controls over the general. Minn. Stat. § 645.26, subd. 1 (2006) ("When a general provision in a law is in conflict with a special provision in * * * another law, * * * the special provision shall prevail and shall be construed as an exception to the general provision * * *."). The homestead exemption statute is more specific because it relates to a specific type of property, the homestead, whereas the forfeiture statute applies to all types of property. *Compare* Minn.Stat. § 510.01 *with* Minn.Stat. § 609.5311, subd. 2(a). Being the more specific statute, the homestead exemption statute therefore controls.[3] Because the government seeks to forfeit

we have broadly construed provisions of the homestead exemption statute so as "to protect the person claiming" the exemption "as against those asserting the right to reach his assets in satisfaction of a claim." *Denzer v. Prendergast*, 267 Minn. 212, 216, 126 N.W.2d 440, 443 (1964) (construing phrase "owned and occupied" in exemption statute in favor of one who owned a remainder interest in the property at issue); *see also Ryan v. Colburn*, 185 Minn. 347, 350, 241 N.W. 388, 389 (1932) ("The homestead law is to be liberally construed."). Given the broad construction of the statute dictated by our precedent, it seems to me that seizing property because it has been used in connection with criminal activity can fairly be said to constitute seizure *"on account of* any debt." Minn.Stat. § 510.01 (emphasis added). In my view, it is a much closer question whether forfeiture is "seizure * * * *for the payment of* any debt or liability" as required by the constitutional provision. Minn. Const. art. I, § 12 (emphasis added). But, as explained above, I do not believe we should reach that issue here.

property that falls within the statutory exemption of Minn.Stat. § 510.01, I would hold that the forfeiture should have been denied.

2. There are exceptions in the forfeiture statute, but none is relevant to resolution of this case. *See* Minn.Stat. § 609.5311, subd. 3.

3. The forfeiture statute was first enacted in 1988, Act of Apr. 26, 1988, ch. 665, § 11, 1988 Minn. Laws 941, 946, long after the homestead exemption, Act of Mar. 12, 1858, ch. 35, § 1, 1858 Minn. Laws 89, 89, which dates to the beginnings of our state. Section 645.26, subdivision 1 provides that if the general provision is enacted after the specific provision "and it shall be the manifest intention of the legislature that such general provision shall prevail," the general provision controls. Minn.Stat. § 645.26, subd. 1. But the legislature gave no indication in the forfeiture statute that it intended the general forfeiture statute to prevail over the more specific homestead exemption. I therefore would apply the default rule that the more specific statute controls over the general.