Patricia L. ROONEY, Appellant,

v.

Michael T. ROONEY, Respondent,

v.

Christ's Household of Faith,
third party respondent,
Respondent,

v.

Ramsey County, intervenor,
Respondent.

No. A09–1492.

Court of Appeals of Minnesota.

May 18, 2010.

Joseph F. Schmidt, Minneapolis, MN, for appellant.

Michael T. Rooney, St. Paul, MN, pro se respondent.

Steven P. Aggergaard, Mark R. Bradford, Bassford Remele, P.A., Minneapolis, MN, for respondent Christ's Household of Faith.

Susan Gaertner, Ramsey County Attorney, Amy A. Anderson, Assistant County Attorney, St. Paul, MN, for respondent Ramsey County.

Considered and decided by
CONNOLLY, Presiding Judge;
HUDSON, Judge; and JOHNSON, Judge.

## OPINION

JOHNSON, Judge.

After more than 20 years of litigation, Patricia L. Rooney eventually was successful in obtaining a judgment of approximately $235,000 against Christ's Household of Faith, Inc. (CHOF), an organization of which her former husband, Michael T. Rooney, is a member. CHOF was held liable to Ms. Rooney because it had failed to withhold money from funds payable to Mr. Rooney for the purpose of satisfying his child-support obligation to Ms. Rooney. She then sought to recover, pursuant to the fourth sentence of Minn. Stat. § 518A.53, subd. (5)(c), the attorney fees she incurred in enforcing CHOF's obligation to withhold funds for her benefit. The district court denied her motion for attorney fees in substantial part because most of the attorney fees sought were incurred before the entry of the judgment against CHOF. We conclude that the statute permits the recovery of attorney fees incurred before an arrearages judgment is entered against a third-party payor of funds and, therefore, reverse and remand for further consideration of Ms. Rooney's motion for attorney fees.

## FACTS

Patricia L. Rooney and Michael T. Rooney were married in 1964. Their marriage was dissolved in 1988. In the dissolution judgment, the district court ordered Mr. Rooney to pay child support and spousal maintenance to Ms. Rooney. In 1990 and 1991, the district court determined that CHOF was Mr. Rooney's employer for purposes of Minn.Stat. §§ 518.611, .613 (1990),[1] and ordered CHOF to withhold from Mr. Rooney's income the amounts necessary to pay Mr. Rooney's monthly child-support and spousal-maintenance obligations and his arrearages. On CHOF's appeal, this court reversed and remanded to the district court with instructions to further consider whether CHOF was an employer and, if so, the amount of its withholding obligations. *Rooney v. Rooney*, 478 N.W.2d 545, 547 (Minn.App.1991) (*Rooney I*).

For reasons of which we are unaware, no further action was taken after the remand until the district court held an evidentiary hearing in 2002. The district court then determined that CHOF was Mr. Rooney's employer and a "payor of funds" for purposes of Minn.Stat. § 518.6111 (2002)[2] and that "CHOF was responsible for arrearages dating back to the date it was served with the 1990 order for income withholding." *Rooney v. Rooney*, 669 N.W.2d 362, 367 (Minn.App.2003) (*Rooney II*), *review denied* (Minn. Nov. 25, 2003). On CHOF's appeal, this court affirmed the district court's order with respect to these issues but remanded for further consideration of other issues. *Id.* at 372–73, 374–75.

In November 2004, pursuant to our remand, the district court held an evidentiary hearing to address CHOF's and Mr. Rooney's motions seeking to terminate or reduce Mr. Rooney's child-support and spousal-maintenance obligations and to recalculate his arrearages. In March 2005, the district court granted the motions in part and reduced Mr. Rooney's spousal-maintenance and child-support arrearages. On Ms. Rooney's appeal, this court concluded that the district court's order "impermissibly diverge[d] from the *Rooney II* remand instructions by failing to take into account the value of Michael Rooney's services to CHOF." *Rooney v. Rooney*, 2007 WL 92784, at *2 (Minn.App. Jan.16, 2007) (*Rooney III*), *review denied* (Minn. Mar. 20, 2007). Accordingly, we remanded for a determination of the value of Mr. Rooney's services to CHOF between August 1990 and June 2005 and for a recalculation of his arrearages since August 1990. *Id.*, at *4.

On September 29, 2008, the district court concluded that Ms. Rooney is entitled to $234,945.85 in "unpaid child support, spousal maintenance, interest and cost of living adjustments" and that "she is entitled to judgment against [CHOF] in that amount." On December 2, 2008, the district court entered judgment on the September 29, 2008, order.

Ms. Rooney subsequently served post-judgment discovery requests on CHOF in an effort to collect on the judgment. Ms. Rooney later moved to compel discovery responses. On March 12, 2009, the district court granted her motion to compel. In the same order, the district court awarded Ms. Rooney $1,140 in attorney fees that

---

1. Minn.Stat. § 518.611 was repealed and replaced by Minn.Stat. § 518.6111 (Supp.1997). 1997 Minn. Laws ch. 203, art. 6, §§ 48, at 1783–89; 93, at 1816.

2. Minn.Stat. § 518.6111 was renumbered in 2005 as Minn.Stat. § 518A.53 (2006). 2005 Minn. Laws 1st Spec. Sess. ch. 7, § 28, at 3092–93; 2005 Minn. Laws ch. 164, § 29, at 1924–25.

she incurred between December 16, 2008, and February 18, 2009, in connection with the motion to compel discovery.

On April 17, 2009, Ms. Rooney brought a motion for an award of $52,753 in attorney fees that she had incurred since July 10, 2001, in pursuing the judgment against CHOF and in seeking to collect on that judgment. On July 17, 2009, the district court granted her motion in part and denied it in part. The district court reasoned that "any right to attorney's fees" for services performed before the December 2008 judgment was "extinguished upon entry of judgment, where no contemporary request for attorney's fees was requested as part of petitioner's relief." The district court awarded Ms. Rooney $1,160 in attorney fees that were incurred between February 19, 2009, and May 1, 2009.

Ms. Rooney now challenges the district court's denial of her request for attorney fees incurred between July 10, 2001, and December 15, 2008. A special-term panel of this court previously determined that Ms. Rooney's arguments are properly before the court because she filed a notice of review after CHOF filed a notice of appeal, which CHOF later voluntarily dismissed.

## ISSUE

If a third party is a "payor of funds" to a child-support obligor and has an obligation to withhold funds for the benefit of the child-support obligee, and if the payor is held liable to the obligee for amounts that the payor failed to withhold, does Minn. Stat. § 518A.53, subd. (5)(c), authorize an award of attorney fees to the child-support obligee for fees incurred in enforcing the payor's withholding liability *before* an arrearages judgment was entered against the payor?

## ANALYSIS

■ Ms. Rooney argues that the district court erred by denying her request for attorney fees pursuant to Minn.Stat. § 518A.53, subd. 5(c), to the extent that she incurred fees before she obtained a judgment against CHOF. We apply a *de novo* standard of review to a district court's interpretation of the statute. *Becker v. Mayo Found.*, 737 N.W.2d 200, 207 (Minn.2007); *Hennepin County v. Hill,* 777 N.W.2d 252, 254 (Minn.App.2010).

### A.

Section 518A.53 of the Minnesota Statutes imposes an obligation on certain third parties to withhold income that otherwise would be paid to child-support obligors. The statute applies to a "payor of funds," which is defined to mean "any person or entity that provides funds to an obligor, including an employer ..., an independent contractor, payor of worker's compensation benefits or unemployment benefits, or a financial institution." Minn.Stat. § 518A.53, subd. 1(b) (2008). A payor of funds has an obligation to withhold income due to a child-support obligor "upon receipt of an order for or notice of withholding." *Id.,* subd. 3 (2008). A payor of funds that has received such notice "shall remit the amounts withheld ... within seven business days of the date the obligor is paid the remainder of the income." *Id.,* subd. 5(b) (2008). Furthermore, a payor of funds "shall be liable to the obligee for any amounts required to be withheld." *Id.,* subd. 5(c) (2008).

■ Ms. Rooney's appeal is focused on a provision of section 518A.53 that benefits child-support obligees who seek to enforce their right to payment of amounts that are required to be withheld: "A payor of funds is liable for reasonable attorney fees of the obligee or public authority incurred in enforcing the liability under this paragraph." *Id.* Ms. Rooney contends that the district court erred to the extent that it denied her

motion for attorney fees that she incurred *before* the December 2008 judgment. In response, CHOF contends that section 518A.53, subdivision 5(c), does not authorize an award of attorney fees incurred before the entry of judgment against a payor of funds pursuant to section 518A.53, subdivision 5(c). Rather, CHOF contends that the district court correctly limited its liability for attorney fees to the $1,160 in fees that were incurred *after* the December 2008 judgment.

The key language of the statute is the phrase that authorizes an award of attorney fees to a child-support obligee with respect to fees that were "incurred in enforcing the liability" of a payor of funds under subdivision 5(c). CHOF contends that there is no "liability" to be enforced unless and until a district court has entered a judgment against a payor of funds. CHOF relies on *Torgelson v. Real Prop. Known as 17138 880th Ave.,* 749 N.W.2d 24 (Minn.2008), in which the supreme court defined "liability" to mean " '[t]he quality or state of being legally obligated or accountable; legal responsibility to another or to society, enforceable by civil remedy or criminal punishment,' " or " '[a] financial or pecuniary obligation.' " *Id.* at 27 (quoting *Black's Law Dictionary* 932 (8th ed. 2004)). CHOF contends that, in light of this definition, its "liability for attorney's fees arose no earlier than December 3, 2008" because, before that date, "CHOF could not have been 'legally obligated or accountable' for any attorney's fees amount because there was no underlying liability to enforce."

■ CHOF's contention is flawed because it would require this court to construe the term "liability" as synonymous with the term "judgment" and then hold that a child-support obligee is entitled to attorney fees only when fees are incurred in enforcing a judgment against a payor of funds. But the definition of "liability" found in *Torgelson* (which, we acknowledge, concerned a different statute) supports Ms. Rooney's position more than CHOF's position. A person may be " 'legally obligated or accountable' " or have a " 'legal responsibility to another' " before such an obligation or responsibility is reflected in a " 'civil remedy,' " such as a judgment. *See id.* at 27 (quoting *Black's Law Dictionary* 932 (8th ed. 2004)). In fact, the procedural history of this case is an example of that principle. In *Rooney II,* we stated, "The district court correctly determined that CHOF's obligation to perform withholding dated from August 20, 1990." 669 N.W.2d at 373. This passage makes clear that CHOF's "liability" to Ms. Rooney under subdivision 5(c) arose before the district court entered a judgment that enforced the liability and determined the amount of the liability.

CHOF also contends that the pertinent language of section 518A.53, subdivision 5(c), must be interpreted consistently with a different statute that authorizes an award of attorney fees against a child-support obligor:

> A child support obligee is entitled to recover from the obligor reasonable attorney fees and other collection costs *incurred to enforce a child support judgment,* as provided in this section. In order to recover collection costs under this section, the arrearages must be at least $500 and must be at least 90 days past due. In addition, the *arrearages must be a docketed judgment* under sections 548.09 and 548.091. If the obligor pays in full the judgment rendered under section 548.091 within 20 days of receipt of notice of entry of judgment, the obligee is not entitled to recover

attorney fees or collection costs under this section.

Minn.Stat. § 518A.735(a) (2008) (emphasis added). CHOF contends that to allow Ms. Rooney to recover the attorney fees that she incurred before the December 2008 judgment would "trample the rights of payors of funds" by creating "different rules for obligors and payors of funds and would encourage obligees to pursue persons other than the obligors who ultimately are and should be responsible for arrearages." We are not persuaded that we should interpret the two statutes to achieve parity between child-support obligors and third-party payors of funds; whether they should be treated alike or differently is a policy matter for the legislature to determine. *See, e.g., Lee v. Fresenius Med. Care, Inc.,* 741 N.W.2d 117, 128 n. 8 (Minn.2007); *City of St. Louis Park v. King,* 246 Minn. 422, 433, 75 N.W.2d 487, 495 (1956).

■ As a matter of statutory interpretation, CHOF's reference to section 518A.735 actually cuts against its argument. The language of section 518A.735 demonstrates that the legislature could have used the term "judgment" instead of "liability" in section 518A.53, subdivision 5(c), but chose not to do so. *See Harrison ex rel. Harrison v. Harrison,* 733 N.W.2d 451, 455 (Minn.2007) (reasoning that legislature's use of different terms indicates intent to assign different meanings). The word "judgment" means "the final determination of the rights of the parties in an action or proceeding," Minn. R. Civ. P. 54.01, or a "court's final determination of the rights and obligations of the parties in a case," *Black's Law Dictionary* 858 (8th ed. 2004). We cannot interpret section 518A.53, subdivision 5(c), in the manner urged by CHOF because we must give the words "liability" and "judgment" their distinct meanings.

■ CHOF also contends that Ms. Rooney is not entitled to an award of attorney fees because her attorney did not follow the procedural requirements of a motion for attorney fees. A motion that seeks $1,000 or more in attorney fees must be accompanied by an affidavit of an attorney describing each item of work performed, the length of time spent on each item of work, and each attorney's hourly rate. Minn. R. Gen. Pract. 119.01, .02. In this case, Ms. Rooney's attorney did not serve and file the documents required by rule 119 until he submitted a memorandum in reply to CHOF's opposition to Ms. Rooney's motion. A district court has discretion to strictly enforce or to waive the requirements of rule 119 when considering a motion for attorney fees. *Gully v. Gully,* 599 N.W.2d 814, 826 (Minn.1999); *see also* Minn. R. Gen. Pract. 119, 1997 advisory comm. cmt. (stating that rule "is not intended to limit the court's discretion"). In this case, the district court did not reject Ms. Rooney's motion for noncompliance with rule 119 and did not even comment on the matter. Rather, the district court considered the merits of the motion and granted it in part. Thus, CHOF's argument concerning the procedural flaws of Ms. Rooney's motion does not present an alternative ground for affirming the district court's partial denial of the motion.

We conclude that all attorney fees that Ms. Rooney incurred in enforcing CHOF's liability for funds that should have been withheld are within the scope of the fee-shifting provision in section 518A.53, subdivision 5(c), regardless whether they were incurred before or after the judgment was entered against CHOF in December 2008. Accordingly, the district court erred to the extent that it denied Ms. Rooney's motion for attorney fees because it did not consider the attorney fees that were incurred

before the December 2008 judgment.[3] Therefore, the case is remanded for further consideration of Ms. Rooney's motion.

**B.**

In light of the parties' arguments, we anticipate that questions may arise on remand as to the scope of relief to which Ms. Rooney may be entitled.

One issue inherent in the parties' dispute is the question whether Ms. Rooney may seek to recover attorney fees that were incurred in the appellate courts in addition to attorney fees that were incurred in the district court. CHOF contends that the district court may not award attorney fees incurred on appeal because only an appellate court may do so. CHOF is correct. "A party seeking attorneys' fees on appeal shall submit such a request" to the appropriate appellate court "by motion under Rule 127." Minn. R. Civ.App. P. 139.06, subd. 1. This court may remand a motion for attorney fees incurred on appeal and direct a district court to rule on the motion. *See* Minn. R. Civ.App. P. 139.06, 1998 advisory comm. cmt. But if we do not expressly provide for an award of appellate fees by a district court, "an appellate court is the proper court to determine the propriety of an award of attorney fees on appeal." *Vern Reynolds Constr., Inc. v. City of Champlin*, 539 N.W.2d 614, 619 (Minn.App.1995) (citing *Hughes v. Sinclair Mktg., Inc.*, 389 N.W.2d 194, 200 (Minn.1986)), *review denied* (Minn. Dec. 20, 1995). Nothing prevented Ms. Rooney from seeking attorney fees from this court after she prevailed in prior appeals. Thus, on remand, Ms. Rooney may not seek to recover attorney fees she incurred in prior appeals.[4]

Another issue inherent in the parties' dispute is the question whether Ms. Rooney may seek attorney fees incurred in the district court in earlier stages of this case, before the prior appeals. In *Kellar v. Von Holtum*, the supreme court considered whether a district court has jurisdiction to consider a motion for attorney fees that is filed after the district court has issued a decision and after an appellate court has issued an opinion that is conclusive on the merits of the underlying action. 605 N.W.2d 696, 700 (Minn.2000), *superseded by rule on other grounds*, Minn. R. Civ. P. 11.03. The supreme court held that a district court has jurisdiction to consider such a motion, even after an appeal has been taken and concluded, because "motions for attorney fee sanctions . . . [are] collateral to the merits of the underlying litigation." *Id.*

Nothing in *Kellar* limits a district court's consideration of a motion for attorney fees to the fees that were incurred in the district court immediately before the latest appeal. In other words, *Kellar* does not forbid a district court from awarding attorney fees that were incurred in the district court before previous appeals. Thus, on remand, Ms. Rooney may seek recovery of attorney fees she incurred at prior stages of the district court activities in this case. We express no view, however, as to whether Ms. Rooney actually is entitled to an award of attorney fees in-

---

**3.** Ms. Rooney contends that the district court erred by denying her request for attorney fees incurred before December 2008 because of the doctrine of *res judicata*. In its order denying Ms. Rooney's motion, the district court did not refer to the doctrine of *res judicata*, either explicitly or implicitly. Thus, we agree with CHOF that the doctrine of *res judicata* is irrelevant to our analysis of Ms. Rooney's argument.

**4.** Ms. Rooney has filed a motion for attorney fees incurred in connection with this appeal. Consistent with our standard practice, we will dispose of that motion in a separate order.

curred throughout the seven-year period at issue. We assume that such a determination will depend on arguments that have not yet been presented to this court. And we observe that district courts generally have broad discretion in ruling on motions for attorney fees. *See, e.g., Lee v. Lee,* 775 N.W.2d 631, 643 (Minn.2009); *Solon v. Solon,* 255 N.W.2d 395, 397 (Minn.1977); *Reif v. Reif,* 410 N.W.2d 414, 416–17 (Minn. App.1987).

## DECISION

The district court erred to the extent that it denied Ms. Rooney's motion for attorney fees that were incurred before the December 2008 judgment. The case is remanded for further consideration of Ms. Rooney's motion. Notwithstanding our decision to reverse and remand, we hope and trust that this overly protracted dispute is very near its conclusion.

**Reversed and remanded.**