## W. T. DeCOSTER v. GLADYS M. NENNO AND ANOTHER.[1]

April 8, 1927.

Nos. 25,970, 25,978.

**Equipment and apparatus of private hospital of physician not exempt from execution.**

     The statute exempting "the library and implements of a professional man" from sale on execution does not exempt the equipment and apparatus of a private hospital owned and operated by a practicing physician. Affirmed on plaintiff's appeal; reversed on defendants' appeal.

Exemptions, 25 C. J. p. 56 n. 8, 27 New.

———

See note in 2 A. L. R. 818; 9 A. L. R. 1020; 36 A. L. R. 669.

Action in the district court for Blue Earth county to restrain the defendants from levying execution upon certain property claimed by the plaintiff to be exempt. The court, Comstock, J., found that part of the property was exempt and that part was not exempt. Plaintiff appealed from the order denying his motion for a new trial, and defendants appealed from the judgment. Affirmed on plaintiff's appeal; reversed on defendants' appeal.

*C. O. Dailey*, for plaintiff.

*Somsen, Dempsey & Flor*, for defendants.

TAYLOR, C.

Plaintiff is a practicing physician and surgeon in the city of Mankato, and has and maintains an office in the business part of the city which he has fitted up with the usual furnishings and equipment of a physician's office. He also owns a building in the city of some 20 rooms which he operates as a private hospital. He occupies certain of the rooms as a residence, but the majority of them are used solely for hospital purposes and the accommodation of patients.

[1] Reported in 213 N. W. 538.

Defendant Nenno obtained a judgment against plaintiff for something over $9,000, and defendant Lundmark, as sheriff, levied upon the furniture and equipment in that part of plaintiff's building used as a hospital under an execution issued on this judgment. Thereupon plaintiff brought this action to enjoin defendants from selling or removing the property so levied upon, claiming it as exempt under that provision of the statute which exempts, "the library and implements of a professional man," from sale on execution.

The court held that part of the property levied upon was exempt and that part of it was not, and directed judgment enjoining defendants from seizing or removing the property specified as exempt. Plaintiff made a motion for amended findings or a new trial. This motion was denied and plaintiff appealed from the order denying it. Defendants also made a motion for amended findings. This motion was also denied. Judgment was entered in accordance with the findings and defendants appealed from the judgment.

Plaintiff contends that all the property levied upon is exempt; defendants that none of it is exempt. It includes none of the property pertaining to plaintiff's private apartments but only that in the part of the building operated as a hospital. We find no sufficient ground for saying that a part of this property is exempt and a part not exempt, for it is all devoted to hospital purposes. There is no controversy as to the nature of the property or the purpose for which it is used. The question presented and argued is whether the statute exempting "the library and implements of a professional man" is broad enough to include the equipment of a hospital owned and operated by a practicing physician and surgeon. Although the attorneys have apparently made diligent search, they are unable to cite any authority so holding and we have found none. For citations to the cases construing our exemption law see Dun. Dig. and Supps. § 3680, et seq. For citations to the cases construing the exemption laws of other jurisdictions see 25 C. J. 56, also notes in 2 A. L. R. 818, and 36 A. L. R. 669. We find no case in which the claim here asserted has ever been made or discussed, which is persuasive that such property has always been considered as not within such an exemption. The constitution, art. 1, § 12, provides:

"A reasonable amount of property shall be exempt from seizure or sale for the payment of any debt or liability. The amount of such exemption shall be determined by law."

This provision requires that the exemption shall be reasonable in amount. In re How, 59 Minn. 415, 61 N. W. 456. While the statute defining exemptions is to be liberally construed, it would be going beyond any reasonable construction to hold that the legislature in specifying "the library and implements of a professional man" as exempt intended to exempt the equipment, apparatus and appliances of a hospital. Fitting up a hospital in the modern way is expensive and a wealthy man could invest his entire wealth in such property. The legislature has made a lengthy list of the property and the classes of property which are exempt from seizure for debt, and, if it had intended to exempt such property as that in question, we think it would have indicated such intention in some definite manner, and that the expression "implements of a professional man" was not intended to embrace such property and cannot be extended to do so by the courts.

It is argued that small private hospitals are a convenience if not a necessity in small communities, and enable a physician to extend his service and usefulness. This is doubtless true, but if hospitals could be deemed to be within the present law there is no limit to their size or to the amount of money that might be invested in them. They might be as large and elaborate as that of the Mayo clinic at Rochester. While we have no decisions defining what is included within this particular provision, the trend of the cases is indicated to some extent by Whitney v. Welnitz, 153 Minn. 162, 190 N. W. 57, 28 A. L. R. 68, in which it was held that an automobile was not exempt as a "wagon," and in Wagner v. Farmers Co-Op. Exch. Co. 147 Minn. 376, 180 N. W. 231, 14 A. L. R. 279, in which it was held that the membership of a nonresident in the Minneapolis chamber of commerce under which business was conducted through others was not exempt as a tool of his trade.

We reach the conclusion that the property in question was not exempt. Upon the appeal of defendants the judgment is reversed; upon the appeal of plaintiff the order is affirmed.

The Chief Justice took no part.