Matthew Roy NIELSEN, Appellant,

v.

2003 HONDA ACCORD, Respondent.

No. A12–0217.

Supreme Court of Minnesota.

Dec. 26, 2013.

Kirk M. Anderson, Anderson Law Firm, PLLC, Minneapolis, MN, for appellant.

Michael O. Freeman, Hennepin County Attorney, Daniel P. Rogan, Assistant County Attorney, Minneapolis, MN, for respondent.

John E. Mack, Mack & Daby, P.A., New London, Minnesota, for amicus curiae Office of the Public Defender for the Eighth Judicial District.

## OPINION

WRIGHT, Justice.

The question presented by this case is whether the motor vehicle exemption, Minn.Stat. § 550.37, subd. 12a (2012), applies to the forfeiture of a motor vehicle used in the commission of a designated driving-while-impaired (DWI) offense, pursuant to Minn.Stat. § 169A.63 (2012). The district court granted summary judgment in favor of Hennepin County on behalf of respondent vehicle and held that the motor vehicle exemption does not apply when a motor vehicle is forfeited under section 169A.63. The court of appeals affirmed. Appellant Matthew Nielsen asserts that both the motor vehicle exemption and Article I, Section 12, of the Minnesota Constitution apply to forfeiture under section 169A.63. Because we conclude that neither section 550.37, subdivision 12a, nor Article I, Section 12, applies to DWI forfeiture pursuant to section 169A.63, we affirm.

On April 11, 2011, a law enforcement officer stopped Nielsen after observing him drive in the wrong direction on a one-way street. Nielsen showed signs of intoxication and "registered [a] .282 blood alcohol concentration on a preliminary breath test." Nielsen was arrested and charged with first-degree driving while impaired. Minn.Stat. §§ 169A.20, 169A.24 (2012). Nielsen subsequently pleaded guilty to the charged offense.

At the time of his arrest, Nielsen received a notice advising him of the County's intent to administratively forfeit his vehicle pursuant to section 169A.63. He sought a judicial determination of the forfeiture of his vehicle in conciliation court. Nielsen argued that he was entitled to receive a portion of the value of the forfeited vehicle under the motor vehicle exemption, section 550.37, subdivision 12a. The conciliation court agreed and entered judgment in favor of Nielsen in the amount of

the motor vehicle exemption. The County removed the case to the district court after which the parties filed cross-motions for summary judgment. Concluding that the motor vehicle exemption in section 550.37, subdivision 12a, does not apply when a motor vehicle is forfeited under section 169A.63, the district court awarded judgment in favor of the County.

Nielsen appealed, and the court of appeals affirmed the district court. *Nielsen v. 2003 Honda Accord,* 823 N.W.2d 347, 348 (Minn.App.2012). The court of appeals first held that Article I, Section 12, of the Minnesota Constitution does not require application of the motor vehicle exemption when a vehicle used in the commission of a designated DWI offense is forfeited. *Nielsen,* 823 N.W.2d at 350. Without deciding whether the two statutes are actually in conflict, the court of appeals then concluded that the DWI forfeiture provision, section 169A.63, is the more recently enacted statute and therefore prevails over the motor vehicle exemption statute, section 550.37, subdivision 12a. *Nielsen,* 823 N.W.2d at 350–51.

## I.

■ Nielsen advances two legal theories in opposition to the DWI forfeiture of his motor vehicle. First, Nielsen argues that, because the motor vehicle exemption in section 550.37, subdivision 12a, was enacted pursuant to Article I, Section 12, of the Minnesota Constitution, the owner of a motor vehicle is entitled to receive the exemption amount when the motor vehicle is forfeited under section 169A.63. Alternatively, Nielsen contends that the motor vehicle exemption applies in a DWI forfeiture proceeding as a matter of statutory interpretation because section 550.37, subdivision 12a, creates an exemption from forfeiture that does not conflict with the DWI forfeiture statute. According to

Nielsen, if the value of the vehicle or the owner's equity interest in the vehicle is greater than the value of the exemption established in section 550.37, subdivision 12a, the County is entitled to forfeit the value of the property over the exemption amount. Because we will address a constitutional question only if another legal basis to decide a case does not exist, *State v. Bourke,* 718 N.W.2d 922, 926 (Minn.2006), we first address Nielsen's argument founded on statutory interpretation.

■ Statutory interpretation presents a question of law, which we review de novo. *Caldas v. Affordable Granite & Stone, Inc.,* 820 N.W.2d 826, 836 (Minn. 2012). Our goal in interpreting a statute is to determine and effectuate the intent of the Legislature. *Rohmiller v. Hart,* 811 N.W.2d 585, 589 (Minn.2012). When the language of a statute is free from ambiguity, we give effect to the statute's plain language. *Id.* If a general provision in a statute conflicts with a special provision in the same or another statute, we interpret the two provisions, if possible, in a manner that gives effect to both provisions. *Enright v. Lehmann,* 735 N.W.2d 326, 335 (Minn.2007) (citing Minn.Stat. § 645.26, subd. 1 (2012)). But if the conflict between two statutes is irreconcilable, the special provision prevails and will be interpreted as an exception to the general provision, unless the general provision was enacted at a later session and it is the manifest intent of the Legislature that the general provision prevail. *Hyatt v. Anoka Police Dep't,* 691 N.W.2d 824, 830 (Minn. 2005)

■ The statutes at issue here are the motor vehicle exemption, section 550.37, subdivision 12a, and the DWI forfeiture statute, section 169A.63. Section 550.37, subdivision 1, limits the enforcement of judgments by designating certain property as "not liable to attachment, garnishment,

or sale on any final process, issued from any court." Minn.Stat. § 550.37, subd. 1 (2012). Section 550.37, subdivision 12a, exempts "[o]ne motor vehicle to the extent of a value not exceeding $2,000." [1]

Section 169A.63, subdivision 6(a), subjects a motor vehicle "to forfeiture . . . if it was used in the commission of a designated offense or was used in conduct resulting in a designated license revocation." Such forfeiture may be achieved through an administrative or judicial forfeiture procedure. *Id.*, subds. 8–9; *see also Patino v. One 2007 Chevrolet*, 821 N.W.2d 810, 813 (Minn.2012). "If the vehicle is administratively forfeited . . ., or if the court finds . . . that the vehicle is subject to forfeiture," the law enforcement agency that initiated the forfeiture may sell the vehicle. Minn.Stat. § 169A.63, subd. 10(a). If the vehicle is sold, 70 percent of the proceeds must be distributed to the law enforcement agency's "operating fund or similar fund" and 30 percent of the proceeds must be distributed to the prosecuting authority that handled the forfeiture. *Id.*, subd. 10(b). Alternatively, the agency may "keep the vehicle for official use." *Id.*, subd. 10(a)(2).

We first consider whether, based on the plain language of the statute, the exemptions in section 550.37 apply to a civil forfeiture. Section 550.37 exempts property from "sale on any final process, issued from any court." "Final process" is defined as "process issued at the conclusion of a judicial proceeding; esp., a writ of execution." *Black's Law Dictionary* 1325 (9th ed.2009). Applying this definition, the "sale on any final process" addressed in section 550.37 contemplates a forced sale. In a judicial forfeiture proceeding, the forfeiture is complete after process is issued at the end of the proceeding. More fundamentally, as with a forced sale, forfeiture proceedings result in the involuntary transfer of property. *See, e.g., Butterworth v. Caggiano*, 605 So.2d 56, 59–60 (Fla.1992) (concluding that exemption from forced sale includes exemption from forfeiture). We, therefore, conclude that because a civil forfeiture proceeding is in the nature of a forced sale, the exemption from sale on any final process established in section 550.37 applies to a civil forfeiture.

Having concluded that the motor vehicle exemption in section 550.37, subdivision 12a, applies to a civil forfeiture, we next consider whether this statutory provision conflicts with section 169A.63. Even though section 550.37 generally provides an exemption from civil forfeiture, we examine whether the exemption applies in the context of the specific forfeiture statute at issue here. *See Enright*, 735 N.W.2d at 335 (discussing the interpretation of two statutes that potentially conflict).

■ Although permitting the owner of a motor vehicle subject to DWI forfeiture to invoke the motor vehicle exemption would avoid a conflict between section 550.37, subdivision 12a, and section 169A.63, there are several provisions in section 169A.63 that preclude reconciling the statutes in this manner. First, the DWI forfeiture statute contemplates the forfeiture of vehicles worth less than $500. Minn.Stat. § 169A.63, subd. 8(e) ("If the value of the seized property is less than $500, the claimant does not have to pay the conciliation court filing fee."). If the motor vehicle exemption applied to forfeiture under section 169A.63, a vehicle worth less than $500 would be immune from forfeiture be-

---

1. The exemption value is adjusted periodically, and when the forfeiture of Nielsen's vehicle was initiated, the exemption value was $4,400. Minn.Stat. § 550.37, subd. 4a; 34 Minn. Reg. 1460 (Apr. 26, 2010).

cause the exemption amount exceeds $500 dollars. *See* Minn.Stat. § 550.37, subd. 12a. As a result, there would be no need for section 169A.63, subdivision 8(e)—the provision waiving the conciliation court filing fee for vehicles worth less than $500— if the motor vehicle exemption applied to DWI forfeitures. *See* Minn.Stat. § 645.16 (2012) ("Every law shall be construed, if possible, to give effect to all its provisions.").

Second, the DWI forfeiture statute contains express limitations and exceptions to forfeiture that do not implicate section 550.37. For example, when a vehicle is encumbered by a perfected security interest or subject to a lease with an outstanding loan balance that exceeds the proceeds of the sale, the agency seeking forfeiture must "remit all proceeds of the sale to the secured party" after it deducts its own costs from the proceeds of the sale of a forfeited vehicle. Minn.Stat. § 169A.63, subd. 7(b). An agency could not "remit *all* proceeds of the sale to the secured party" if it were required to give the owner the exemption value. Also, a vehicle is exempt from forfeiture when the owner of the vehicle establishes by clear and convincing evidence that the owner did not have actual or constructive knowledge of the vehicle's use in violation of the law or "that the owner took reasonable steps to prevent use of the vehicle by the offender." *Id.*, subd. 7(d). The specific statutory limitations on forfeiture make no reference, however, to a limitation or exception from forfeiture based on the motor vehicle exemption in section 550.37, subdivision 12a. When, as here, exceptions are expressed in a statute, we generally interpret such expression to exclude all other exceptions. *Janssen v. Janssen,* 331 N.W.2d 752, 755 (Minn.1983).

Third, the DWI forfeiture statute mandates that the proceeds from the sale of a forfeited vehicle be distributed to the appropriate law enforcement agency and prosecuting authority. Minn.Stat. § 169A.63, subd. 10(b). The proceeds distributed in this manner are the funds remaining "after payment of seizure, towing, storage, forfeiture, and sale expenses, and satisfaction of valid liens against the property." *Id.* Nielsen does not argue, nor does the statutory language suggest, that an owner's motor vehicle exemption under section 550.37, subdivision 12a, falls within any of these pre-distribution categories of expenses or liabilities. Thus, section 550.37, subdivision 12a, and section 169A.63 are irreconcilable.

Applying principles of statutory interpretation to these irreconcilable statutory provisions, section 169A.63 must prevail. The motor vehicle exemption in section 550.37, subdivision 12a, is the more general provision, as it applies across a range of procedures to any motor vehicle. *See* Minn.Stat. § 550.37, subd. 1 ("The property mentioned in this section is not liable to attachment, garnishment, or sale on any final process, issued from any court."). The DWI forfeiture statute applies only to those motor vehicles "used in the commission of a designated offense or . . . used in conduct resulting in a designated license revocation." Minn.Stat. § 169A.63, subd. 6(a). In addition, the motor vehicle exemption was enacted before the DWI forfeiture statute. *Compare* Act of Apr. 11, 1980, ch. 550, § 2, 1980 Minn. Laws 739, 740 (codified at Minn. Stat § 550.37, subd. 12a), *with* Act of Apr. 29, 1992, ch. 570, art. 1, § 15, 1992 Minn. Laws 1944, 1953–56 (codified at Minn.Stat. § 169A.63). And no aspect of the motor vehicle exemption indicates that the Legislature intends the exemption, as the more general provision, to prevail. *See Hyatt,* 691 N.W.2d at 830. As a result, we hold that the motor vehicle exemption in section 550.37, subdivision 12a, does not apply when a motor vehicle

is subject to DWI forfeiture under section 169A.63.

## II.

Having concluded, as a matter of statutory interpretation, that the exemption in section 550.37, subdivision 12a, does not apply when a motor vehicle is subject to forfeiture under section 169A.63, we turn to Nielsen's constitutional argument. In doing so, we must determine whether Article I, Section 12, of the Minnesota Constitution requires application of the motor vehicle exemption in section 550.37, subdivision 12a, in the context of DWI forfeiture pursuant to section 169A.63.[2]

■ Constitutional interpretation presents a question of law, which we review de novo. *State v. Brooks,* 604 N.W.2d 345, 348 (Minn.2000). Article I, Section 12, of the Minnesota Constitution provides, in relevant part, that a "reasonable amount of property shall be exempt from seizure or sale for the payment of any debt or liability. The amount of such exemption shall be determined by law." In fulfillment of this constitutional directive, the Legislature has established statutory exemptions for certain property, including homestead property and personal property. *See* Minn.Stat. § 510.01 (2012); Minn.Stat. § 550.37.

In *Torgelson v. 17138 880th Ave.,* we considered whether Article I, Section 12, "prohibits drug asset forfeiture of homestead property." 749 N.W.2d 24, 27 (Minn.2008). We concluded that the constitutional language that mandates a rea-sonable amount of property to be exempt "from seizure or sale for the payment of any debt or liability" encompasses exemption from forfeitures. *Id.* at 26–27. We held that Article I, Section 12, "as implemented by [the statutory homestead exemption], exempts homestead property from forfeiture." *Id.* at 29.

Like the homestead exemption at issue in *Torgelson,* the personal property exemptions in section 550.37 reflect the constitutional directive in Article I, Section 12. *Moyer v. Int'l State Bank of Int'l Falls, Minn.,* 404 N.W.2d 274, 276 (Minn.1987); *Poznanovic v. Maki,* 209 Minn. 379, 382, 296 N.W. 415, 417 (1941). Nielsen contends that, by analogy, resolution of the constitutional question before us is controlled by *Torgelson.* Our decision in *Torgelson,* however, is a limited one. It addresses only whether Article I, Section 12, protects an individual's *homestead* from forfeiture. As such, it must be understood in light of the special protections afforded to homestead property. We discussed in *Torgelson* the policies underlying the homestead exemption and the unique importance ascribed to homestead property rights. *See Torgelson,* 749 N.W.2d at 28–29. "[I]t has always been the policy of the law to protect with jealous zeal the homestead right of the citizen...." *Holden v. Farwell, Ozmun, Kirk & Co.,* 223 Minn. 550, 558, 27 N.W.2d 641, 646 (1947); *see also Ferguson v. Kumler,* 27 Minn. 156, 159, 6 N.W. 618, 619 (1880) (stating that the homestead exemption is premised on the "wise and humane policy of securing to the citizen ... the benefits of a home," not only for the

---

**2.** We observe that we would be presented with the same fundamental constitutional question even if we held that the exemption in section 550.37 did not apply to forfeitures. That is, even if we concluded that based on the plain language of section 550.37, the motor vehicle exemption did not apply to a civil forfeiture, we would confront a statutorily created limitation on the scope or extent of an exemption. And we still would be required to consider whether Article I, Section 12, permits such a limitation, or requires application of the motor vehicle exemption in section 550.37, subdivision 12a, to DWI forfeiture under section 169A.63.

benefit of individuals and their families, "but likewise in the interest of the state"). *Torgelson,* therefore, does not control our decision here, in which an exemption for personal property, rather than homestead property, is at issue.

Nielsen asserts that, because the Legislature has provided an exemption for motor vehicles from forfeiture generally, that exemption must apply to DWI forfeitures under section 169A.63. But Nielsen's assertion fails to consider the Legislature's authority to limit the scope or extent of an exemption. *See Cont'l Cas. Co. v. Knowlton,* 305 Minn. 201, 215, 232 N.W.2d 789, 797–98 (1975) (discussing the Legislature's ability to create exceptions to statutes that exempt certain property from the payment of liabilities).

For example, in *McPherson v. University Motors, Inc.,* we considered whether the enforcement of a statutory lien on personal property remaining on the premises of unlawfully detained realty was "limited by Minn. Const. art. 1, § 12, and the exemption statute, Minn. [Stat.] § 550.37, to non-exempt property." 292 Minn. 147, 148, 193 N.W.2d 616, 617 (1972). We observed that "[n]othing in the constitutional mandate [of Article I, Section 12,] requires limiting the lien to nonexempt property where it is the legislature's decision to not exempt property." *Id.* at 149, 193 N.W.2d at 618. That is, Article I, Section 12, generally does not prevent the Legislature from enacting statutes that create exceptions to exemption statutes. *See id.; see also Moyer,* 404 N.W.2d at 276 (noting the "long established construction of statutory liens as exceptions to the exemption statutes").

We are mindful that the forfeiture provision at issue here could be seen as distinct from some statutory liens, in that a motor vehicle owner does not voluntarily subject the property to liability. But statu-

tory liens have been deemed exceptions to the exemption statutes and not contrary to the Minnesota Constitution when the liens are based on implied consent created by parties' voluntary conduct. *McPherson,* 292 Minn. at 151, 193 N.W.2d at 619 (stating that "[a] person who becomes a hotel guest or lodger voluntarily agrees to all of the consequences that by law would flow from such a relationship to the owner," including the creation of a statutory lien against their exempt property). The circumstances here are analogous to those of the person on whom a statutory lien was imposed in *McPherson.* Here, a person who voluntarily uses a motor vehicle to commit a designated DWI offense or a person who has actual or constructive knowledge that his or her motor vehicle is being used in a manner contrary to law and fails to take reasonable steps to prevent such use "agree[s] to all the consequences arising" from this conduct and "the laws applicable" to the conduct. *See id.* at 151, 193 N.W.2d at 619. For the foregoing reasons, we conclude that the forfeiture of a motor vehicle under section 169A.63, without the application of the motor vehicle exemption in section 550.37, subdivision 12a, does not violate Article I, Section 12, of the Minnesota Constitution.

Affirmed.

LILLEHAUG, J., not having been a member of this court at the time of submission, took no part in the consideration or decision of this case.

ANDERSON, Justice (concurring).

On the record now before our court, I join in the majority opinion. I write separately, however, to highlight at least one of the serious problems presented by our forfeiture process in Minnesota. As the majority opinion notes in passing, Minn.Stat. § 169A.63, subd. 10(b) (2012), provides for

the distribution of seized assets to the law enforcement agency responsible for the asset seizure and the prosecuting authority bringing the seizure action.

And therein lies a significant conflict of interest. Notwithstanding the laudable public policy goals that underlay the original legislative decision to provide for asset forfeiture, law enforcement and prosecutors have a financial interest in deciding which assets to seize and that decision may or may not be informed by agency budget considerations. Indeed, the United States Department of Justice has produced a guide that urges law enforcement to use asset forfeiture to boost the "bottom line" of police agencies. John L. Worrall, *Asset Forfeiture* 14 (Problem–Oriented Guides for Police, Response Ser. No. 7, 2008) ("The obvious advantage of asset forfeiture is its potential to boost an agency's bottom line.... Researchers have found, indeed, that forfeiture can assist agencies by augmenting their discretionary budgets."), available at www.popcenter.org.

Under the current statutory scheme there is no effective check on an agency's decision to seek forfeiture in one case and not in another. And while there are, in theory, defenses available to those whose assets have been seized, the owner is often financially unable to mount an effective defense.

With all due respect to our law enforcement and prosecutorial authorities, this statutory forfeiture regime creates the wrong incentives and is inconsistent with historic American insistence on checking authority. As James Madison observed long ago, "If men were angels, no government would be necessary." The Federalist No. 51, at 398–99 (James Madison) (J.B. Lippincott ed., 1880). There are, no doubt, many different ways to address this concern, as well as other challenges associated with our statutory forfeiture procedures, but the proper venue to deal with these problems is the Legislature. The undertaking of this effort is long overdue.

PAGE, Justice (dissenting).

I respectfully dissent. We are to construe personal property exemptions such as the motor vehicle exemption set out in Minn.Stat. § 550.37, subd. 12a (2012), liberally in favor of the party benefitted by the exemption. *See DeCoster v. Nenno,* 171 Minn. 108, 110, 213 N.W. 538, 539 (1927); *see also Tomlinson v. Kandiyohi Cnty. Bank,* 162 Minn. 230, 233, 202 N.W. 494, 495 (1925). At the same time, forfeiture is disfavored. *Riley v. 1987 Station Wagon,* 650 N.W.2d 441, 443 (Minn.2002). Because we must construe section 550.37, subdivision 12a, liberally in favor of Nielsen, and because forfeiture is disfavored, I would conclude that section 550.37, subdivision 12a, precludes forfeiture in this case. I would also conclude that the forfeiture in this case violates Article I, Section 12, of the Minnesota Constitution.