*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1313**

Michael Thomas Pruden, et al.,
Appellants,

vs.

One 2003 Jeep,
VIN: 1J4GL58KX3W534613, MN License: KJK 096,
Respondent.

**Filed May 18, 2015
Affirmed
Ross, Judge**

Hennepin County District Court
File No. 27-CV-13-17252

Max A. Keller, Lexie D. Stein, Keller Law Offices, Minneapolis, Minnesota; and

Joel Heiligman, Minneapolis, Minnesota (for appellants)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Paul D. Baertschi, Stephen M. Tallen, Tallen and Baertschi, Minneapolis, Minnesota (for respondent)

Considered and decided by Kirk, Presiding Judge; Ross, Judge; and Reilly, Judge.

**U N P U B L I S H E D   O P I N I O N**

**ROSS**, Judge

Michael Pruden drove while intoxicated after having been convicted of the same crime two years earlier. Pruden's parents, who owned the car he was driving, fought to

prevent the arresting agency from taking the car by forfeiture. They based their challenge on the "innocent owner" defense available under Minnesota Statutes section 169A.63, subdivision 7(d) (2014). The district court found that Pruden's parents failed to demonstrate that they lacked constructive knowledge that Pruden would drive while intoxicated. We affirm because the evidence supports that finding.

## FACTS

Michael Pruden spent an August 2013 late evening at a bar drinking before he drove away in his parents' 2003 Jeep Liberty. Pruden was quite intoxicated. Medina Police stopped and arrested him and determined from a breath test that he had an alcohol concentration of .26—more than three times the per se intoxication limit. The state charged Pruden with gross misdemeanor impaired driving, and he pleaded guilty. The City of Medina seized the Jeep.

Although Bradley Pruden and Beth Kielty-Pruden own the Jeep, they permitted their son Michael Pruden to be its primary driver. They let Michael drive the Jeep despite knowing that in October 2011 he was convicted of driving the Jeep drunk. And both parents knew that Michael had driven home in the Jeep intoxicated more than once after the 2011 conviction. They attempted to convince him only through conversation that driving while impaired "was probably not the best approach for his life in general," but they put no restrictions on his use of the Jeep and they did not even monitor his use of it. They did not know where Michael was or what he was doing the night of his August 2013 arrest.

2

After the city seized the Jeep and commenced a statutory forfeiture procedure, the parents demanded its return based on the commonly called "innocent owner" affirmative defense. The district court found that they failed to prove by clear and convincing evidence that they lacked constructive knowledge that the Jeep would be used unlawfully. It also found that they did not establish that they took reasonable steps to prevent Michael from using the car. The district court ordered the Jeep forfeited to the Medina Police Department. This appeal follows.

## DECISION

### I

The Prudens argue that the district court misinterpreted the affirmative defense to forfeiture set out in Minnesota Statutes section 169A.63, subdivision 7(d). They contend that they need not prove that they lacked constructive knowledge that Michael Pruden would use their car unlawfully and that the burden of proof rests instead on the state. Although they did not raise this burden-of-proof argument in the district court, we will address it in the interest of justice. *See* Minn. R. Civ. App. P. 103.04.

The Prudens' challenge raises an issue of statutory interpretation. We interpret statutes de novo. *Nielsen v. 2003 Honda Accord*, 845 N.W.2d 754, 756 (Minn. 2013). And we interpret a statute according to its plain language when the language is unambiguous. *Patino v. One 2007 Chevrolet*, 821 N.W.2d 810, 813 (Minn. 2012). The burden assignment in the forfeiture statute is unambiguous. A vehicle is "presumed subject to forfeiture" if the state proves that it was used to commit certain offenses, including Michael's impaired-driving offense. *See* Minn. Stat. § 169A.63, subds. 7(a),

3

9(e) (2014). A statutory affirmative defense prevents forfeiture "if [the vehicle's] owner can demonstrate by clear and convincing evidence that the owner did not have actual or constructive knowledge that the vehicle would be used or operated in any manner contrary to law." *Id.*, subd. 7(d). Another provision explains, "A claimant bears the burden of proving any affirmative defense raised." *Id.*, subd. 9(e). The statute is clear. It explicitly places the burden of proof on the unaware owner who seeks to prevent forfeiture.

We are not persuaded otherwise by the Prudens' contention that requiring owners to prove the affirmative defense renders the second sentence of the statutory defense meaningless. That sentence states, "If the offender is a family or household member of the owner and has three or more prior impaired driving convictions, the owner is presumed to know of any vehicle use by the offender that is contrary to law." *Id.*, subd. 7(d). Because the burden-placement subdivision is unambiguous, we need not undertake the exercise of construing the statute based on the Prudens' theory that the plain-language interpretation makes one of its provisions superfluous. Even so, the argument is unavailing because one can read the two relevant sentences of 7(d) giving full effect to both. Each sentence covers different ground than the other. That is, the first sentence informs us that the "owner" is the party who must "demonstrate by clear and convincing evidence" that he or she "did not have actual or constructive knowledge that the vehicle would be used or operated in any manner contrary to law," while the next informs us that, in addition to being harnessed with the burden to prove that the offender would not use the car illegally, in specific circumstances the owner will in fact be "presumed to know"

4

that the offender used the car unlawfully. The provisions are complementary and neither renders the other meaningless.

## II

The Prudens argue that, as a matter of fact, the record proves their lack of constructive knowledge of their son's unlawful use and that their innocent-owner defense therefore prevails. We will reverse a district court's fact findings only if they are clearly erroneous. *Rife v. One 1987 Chevrolet Cavalier*, 485 N.W.2d 318, 321 (Minn. App. 1992), *review denied* (Minn. June 30, 1992). The findings are not clearly erroneous. The district court found that the parents knew that Michael was previously convicted of impaired driving, that they took no measure to restrict or even monitor his driving, that Kielty-Pruden knew that Michael had driven home while intoxicated after his 2011 conviction more than once, and that she had informed her husband of Michael's repeat infractions. These findings have ample support in the evidentiary record, and we will therefore rely on them.

The district court logically concluded from these findings that the Prudens failed to demonstrate by clear and convincing evidence that they lacked constructive knowledge that Michael would use the Jeep contrary to law. We reject the Prudens' contention that constructive knowledge exists only if an owner knew the driver had a consistent pattern of driving while intoxicated and specifically knew that the driver intended to drive intoxicated at the time of the offense that predicated the forfeiture. Their interpretation would allow the owner to prevent forfeiture in almost every case in which the owner is not present the moment the drunk driver is operating the car. But the statute does not

5

limit forfeitures to cases in which the owner has this high degree of knowledge of the driver's offense. Quite the opposite; it requires a high degree of proof (clear and convincing evidence) of the owner's *lack* of knowledge to avoid forfeiture that is presumed because of the offender's conduct. And it allows courts to reject the innocent-owner defense even on the mere presumption that the owner knew of illegal use when the offending household member has had several prior impaired-driving convictions. Minn. Stat. § 169A.63, subd. 7(d). No reasonable reading of the statute suggests that the legislature intended to allow an owner to avoid forfeiture in every case except when direct evidence proves the owner's constructive and specific contemporaneous knowledge of the offender's illegal use at the time of the forfeiture-causing offense.

The Prudens also attempt to show their lack of constructive knowledge by analogizing to another case. The analogy fails. In *Woodruff v. 2008 Mercedes*, the owner avoided forfeiture because she proved that she was with the driver at the time of the offense and that she had no indication the driver was intoxicated. 831 N.W.2d 9, 11 (Minn. App. 2013). That case might be relevant here if the Prudens offered evidence that they had observed Michael immediately before he drove while impaired and that they saw no indication that he was impaired. This was not the situation here. And unlike the innocent owner in *Woodruff*, the Pruden owners were not only specifically aware of the offending driver's previous impaired-driving conduct after an impaired-driving conviction, they made no serious effort to prevent him from again driving impaired.

## III

The Prudens also argue on appeal that the forfeiture statute is unconstitutional. But they waived this argument both because they did not raise it in the district court, *see Woodruff*, 831 N.W.2d at 13–14 (citing *Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988)), and because they fail to identify any supporting constitutional principle on appeal, *see Schoepke v. Alexander Smith & Sons Carpet Co.*, 290 Minn. 518, 519–20, 187 N.W.2d 133, 135 (1971). We will not consider the waived argument on the merits.

**Affirmed.**